UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:05CR12-EHJ

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

CRAIG STEPHEN POWELL                                                 DEFENDANT

## MEMORANDUM OPINION

On January 18, 2006, defendant Craig Stephen Powell was found not guilty by reason of insanity as detailed in this Court's Findings of Fact (DN 21). The Court ordered Powell to undergo a psychiatric or psychological examination to determine if his release would create a substantial risk of bodily injury to another person or serious damage to property of another as required by 18 U.S.C. §§ 4243(b) and (c). Powell was admitted to the Federal Medical Center in Butner, North Carolina to undergo an evaluation.

On June 8, 2006, the Court received the Forensic Evaluation from the Federal Medical Center at Butner, which states in part:

> Mr. Powell's psychotic and mood symptoms have subsided with psychotropic medication. Although he reportedly wrote rambling and nonsensical letters to his mother during his stay at FMC Lexington, there have been no such reports at this institution. He has exhibited no overt psychiatric symptoms during the evaluation period and has consistently been medication compliant throughout both evaluation periods. It is believed that his substance abuse served to exacerbate his psychotic symptoms and mood symptoms prior to his incarceration and at other times in his life and contributed to his poor judgment and medication noncompliance. Although he is diagnosed with a major mental illness, he has responded well to medication. He currently voices no desire to use substances and acknowledges that he has a mental illness that requires treatment with medication. He also acknowledges that alcohol use has been problematic for him in the past. In consideration of the above risk factors, it is our opinion that Mr. Powell does not create a substantial risk of bodily injury to other persons or serious damage to the property of others due to a mental disease or defect . . . .

> Mr. Powell is ready to be returned to court for further legal process. At this time his mental status is stable. He does not appear to present an imminent risk of harm to himself or others. He will require ongoing follow-up by mental health professionals for medication management and monitoring of his psychotic symptoms.

At the 18 U.S.C. §4243(c) hearing, the defendant's burden is to prove that his release will not create a substantial risk of bodily injury to another person or serious damage to another's property because of a mental disease or defect. If the crimes for which defendant was indicted involve a substantial risk of bodily injury and/or serious property damage, the defendant's burden of proof is one of clear and convincing evidence; for all other crimes, the burden of proof is preponderance of the evidence. 18 U.S.C. §4243(d).

Applying either the clear-and-convincing or preponderance standard, this Court cannot find that Defendant is no longer dangerous because of his mental illness. The Court has considered numerous factors, some of which include the following: 1) Defendant has a significant history of non-compliance with his medication regimen, even with the help and support of his family; 2) Defendant has demonstrated no likelihood of future compliance with the medication on which remission from his mental illness depends; 3) With each episode of medication non-compliance, defendant's behavior has escalated in seriousness, with his most recent behavior culminating in threats of physical harm to others and the purchase of a shotgun; 4) The experts agree that under proper care, defendant is capable of medical compliance and remission of his mental disorder, but his future is dependent upon continued support and supervision by health professionals; and 5) according to the FMC Lexington report, the defendant has demonstrated an ability to mask his psychotic symptoms while receiving treatment for mental illness.

Defendant's mental illness appears to be in stable remission presently, but the Court's inquiry cannot end here. The language of 18 U.S.C. §4243(d) compels the Court to consider the

likelihood of future compliance with his medication regime as a factor in deciding whether to authorize defendant's unconditional release under the circumstances of this case. The statute requires a defendant to prove that his release would not create a substantial risk of danger due to mental disease. Defendant's mental diseases are not temporary conditions, but have been ongoing conditions for over twenty years. Remission from these diseases is intimately linked with medication; remission alone therefore is not enough. Unless the remission is maintained, defendant continues to be a substantial danger to the community because of that ongoing disease.

Defendant testified that he now realizes the seriousness of his failure to take his medication and to refrain from the use of alcohol. He recognizes that the relief from his illness is dependent on these two requirements, and promises that he will comply with these demands. It is questionable whether defendant can comply with his medication regimen upon unconditional release. Both the Lexington FMC and Butner FMC reports acknowledge numerous episodes of defendant's non-compliance with past treatment regimens. Of additional import is the fact that defendant has not successfully completed a substance abuse program, and that his medication non-compliance appears to be historically linked to episodes of alcohol abuse. Even while living next door to and with the support of his mother, he has been unable to maintain either his medication regimen or his sobriety. Each period of non-compliance has also been shown to escalate in severity, with the most recent episode resulting in numerous threats of violence coupled with his sawing off the barrel of a shotgun and purchasing ammunition for the gun.

Though the testimony from the Butner physicians indicates that the defendant does not appear to present an imminent risk of harm to himself or others at this time, they acknowledge that ongoing follow-up by mental health professionals for medication management and monitoring of

3

psychotic symptoms will be necessary to maintain remission of his mental illness. The Court's only options under the statute are either an unconditional release or continued commitment. From the evidence, the Court cannot conclude that the defendant would be able to comply with his medication regimen at this time without further therapy and supervision.

Mr. Powell is a victim of mental illness since a tragic accident which occurred over twenty years ago, whose remission is wholly dependent on permanent compliance with prescribed medication. The Butner Report clearly states that the defendant, "will require ongoing follow-up by mental health professionals for medication management and monitoring of his psychotic symptoms." Under the present law, this Court has no authority to impose such conditions. For the reasons given above, defendant did not meet his burden of proving that he no longer poses a substantial threat to persons or property because of his mental illness. Accordingly, the Court remands defendant to the custody of the Attorney General for an additional period of mental health evaluation and treatment consistent with 18 U.S.C. §4243(e).

The Court will monitor Mr. Powell's progress, and is optimistic that with additional treatment his condition will improve so that the treating medical facility can devise a release, conditional or otherwise, which protects the interests of the public and the defendant.

An appropriate Order accompanies this Memorandum Opinion.